## UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF KENTUCKY
## LOUISVILLE DIVISION

**CIVIL ACTION NO. 3:17-cv-00048-JHM**

**AMERICAN HOME HEALTHCARE**                                               **PLAINTIFF**
**SYSTEM, INC.**

**V.**

**FLOYD MEMORIAL HOSPITAL AND**                              **DEFENDANTS**
**HEALTH SERVICES a/k/a THE HEALTH**
**AND HOSPITAL CORPORATION OF**
**FLOYD COUNTY and BAPTIST**
**HEALTHCARE SYSTEM, INC.**

## MEMORANDUM OPINION AND ORDER

This matter is before the Court on Defendant Floyd Memorial Hospital's Motion to Dismiss or Transfer [DN 13] and Defendant Baptist Healthcare System's Motion to Join the Motion to Transfer [DN 14]. Fully briefed, these matters are ripe for decision.

## I. BACKGROUND

Defendant Floyd Memorial Hospital (hereinafter "Floyd") owned and operated Floyd Home Memorial Hospital Home Health until October 2016 when Floyd sold all of its assets to Defendant Baptist Healthcare System (hereinafter "Baptist Healthcare"). (Compl. [DN 1] ¶ 6–7.) Plaintiff alleges that Floyd engaged in "tortious and anti-competitive conduct specifically intended to monopolize home health agency referrals from Floyd" to Floyd Home Health "and to interfere with patient's relationships with their existing home health providers" and that Baptist Healthcare, as the successor-in-interest, continues to participate in these purportedly anti-competitive practices. (Id. ¶ 1.) Plaintiff asserts federal question jurisdiction, specifically alleging that this court has personal jurisdiction over Defendants and that venue properly lies here under the Clayton Act, 15 U.S.C. § 22. (Id. ¶ 12.) Floyd protests these claims and has

asked the Court to dismiss Plaintiff's Complaint, or, in the alternative, transfer the action to the

Southern District of Indiana. (Mot. Dismiss [DN 13] at 1.) Baptist Healthcare joins in Floyd's

request for transfer. (Mot. Transfer [DN 14] at 1.)

### III. DISCUSSION

Floyd seeks dismissal or transfer based upon the venue provision found within the

Clayton Act. Section 12 of the Clayton Act states as follows:

> Any suit, action, or proceeding under the antitrust laws against a corporation may be brought not only in the judicial district whereof it is an inhabitant, but also in any district wherein it may be found *or transacts business*; and all process in such cases may be served in the district of which it is an inhabitant, or wherever it may be found.

15 U.S.C. § 22 (emphasis added). This section of the Clayton Act has enlarged the jurisdiction

of district courts "so as to establish the venue of such a suit not only. . . in a district in which the

corporation resides or is 'found,' but also in any district in which it 'transacts business.'"

Eastman Kodak Co. of N.Y. v. S. Photo Materials Co., 273 U.S. 359, 372 (1927) (quoting 15

U.S.C. § 22.) "Under the 'transacting business' clause of . . . the Clayton Act, venue and

personal jurisdiction are virtually congruent." Pac. Tobacco Corp. v. Am. Tobacco Co., 338 F.

Supp. 842, 844 (D. Or. 1972); see Hyland, 2007 WL 1959158, at *3 (stating that proper venue

under the Clayton Act is "required in order to confer personal jurisdiction"); Crusader Marine

Corp. v. Chrysler Corp., 281 F. Supp. 802, 805 (E.D. Mich. 1968) (finding due process not

offended because the language of the Clayton Act "clearly makes a district a proper forum for

any antitrust suit against a corporation transacting business there"); see also Goldlawr, Inc. v.

Heiman, 369 U.S. 463, 46467 (1962). Therefore, generally, "the concept of 'transacting

business' is more lenient than that of 'minimum contacts' under International Shoe." Dunham's,

Inc. v. Nat'l Buying Syndicate of Texas, 614 F. Supp. 616, 624 (E.D. Mich. 1985) (citing

Athletes Foot of Delaware, Inc. v. Ralph Libonati Co., 445 F. Supp. 35, 45 (D. Del.1977)).

Here, Plaintiff American Home Health Services is an Indiana corporation with its principle place of business in Indiana. (Compl. [DN 1] ¶ 4.) Floyd operated as an Indiana corporation with its principle place of business in Indiana until October 2016. (Id. ¶¶ 5–6.) During this time, Floyd owned and operated Floyd Home Health. (Id. ¶ 6.) On or about October 1, 2016, Floyd sold its assets, including Floyd Home Health, to Baptist Healthcare. (Id. ¶¶ 6–7.) Baptist Healthcare is a Kentucky corporation with its principle place of business in Kentucky. (Id. ¶ 8.) Floyd claims that it did not transact business in Kentucky sufficient enough to establish the Western District of Kentucky as proper venue under the Clayton Act.

Therefore, the issue for the Court to decide is whether Floyd sufficiently "transacts business" in Kentucky under the Clayton Act to give rise to proper venue. The term "transacts business" has been defined to mean the practical everyday business or commercial concept of doing or carrying on business of *any substantial character*. United States v. Scophony Corporation, 333 U.S. 795, 807–08 (1948) (emphasis added). And, "[w]hile the phrase 'transacts business' in the venue provision of the statute (15 U.S.C.A. § 22) has been held to have the broadest connotation of all the antitrust statutes for venue purposes, still it embraces elements of substantiality of business done, with continuity in character, regularity, contemporaneousness with time of service, and not looking toward cessation of business. Commonwealth Edison Co. v. Federal Pacific Electric Co., 208 F. Supp. 936, 940 (N.D. Ill.1962) (citing Scophony, 333 U.S. at 816). However, "[t]he Court should look for 'tangible manifestations of doing business' in the District, such as the presence of officers, employees, agents, offices, ownership of property, maintenance of corporate records or bank accounts." Id.

(quoting <u>Caribe Trailer Sys., Inc. v. Puerto Rico Mar. Shipping Auth.</u>, 475 F. Supp. 711, 716 (D.D.C. 1979), <u>aff'd</u>, No. 79-1658, 1980 WL 130478 (D.C. Cir. July 3, 1980)). None of these traditional markers of transacting business are present in this case. Instead, Plaintiff alleges that proper venue lies here because Floyd sold all of its assets to a Kentucky corporation, Floyd treated Kentucky patients, Floyd employed Kentucky physicians, and Floyd purchased goods and services from Kentucky.

First, Plaintiff argues that by selling all of its assets to Baptist Healthcare, a Kentucky corporation, Floyd transacted business of a substantial quality and character in Kentucky. Floyd argues that winding up a business is insufficient under the Clayton Act; and, even if it were, one isolated transaction is not enough. The Court agrees. First, the Court rejects the premise that the purchase of assets of an Indiana corporation by a Kentucky corporation constitutes the doing of business in Kentucky by the Indiana corporation. Second, Floyd's sale of assets was an action in an attempt to wind up Floyd's business. In order for the entity at issue to transact business, it cannot do so with an eye "toward cessation of business." <u>Commonwealth Edison</u>, 208 F. Supp. at 940; <u>see</u> <u>Scophony</u>, 333 U.S. at 816; <u>C. C. P. Corp. v. Wynn Oil Co.</u>, 354 F. Supp. 1275, 1278 (N.D. Ill. 1973). The parties do not dispute that Floyd wound up its business in October 2016 and was dissolved as of that date, leaving Baptist Healthcare as the successor-in-interest. Therefore, Floyd's actions in winding up its business were not "transacting business" under the Clayton Act, as Floyd specifically executed this sale in order to dissolve as a business entity and cease business affairs. <u>Cf.</u> Ind. Code § 23-18-9-3 (stating that a dissolved corporation can only carry on business designed to wind up affairs and liquidate assets); KRS 271B.14-050 (same).

Further, this contact with Kentucky was a single, isolated incident. One isolated act in the forum state ordinarily will not support jurisdiction on a "transaction of business" theory

unless the activity was related to the plaintiff's cause of action.  Pac. Tobacco, 338 F. Supp. at 845; see also Daniel v. Am. Bd. of Emergency Med., 988 F. Supp. 127, 260 (W.D. N.Y. 1997); Athletes Foot of Delaware, Inc. v. Ralph Libonati Co., 445 F. Supp. 35, 44 (D. Del. 1977); Stern Fish Co. v. Century Seafoods, Inc., 254 F. Supp. 151, 153 (E.D. Pa. 1966).  The injury here resulted from the allegedly anti-competitive nature of Floyd's referral system and interference with its patients' relationships with their existing home health providers.  (Compl. [DN 1] ¶ 1.) Plaintiff's claim is entirely unrelated to the sale of Floyd's assests.  As such, because the sale was a move toward cessation of business and an isolated transaction with the forum, Kentucky, this transaction does little to weigh in favor of Floyd transacting business within the meaning of the Clayton Act.

Next, Plaintiff asserts that Floyd transacted business in Kentucky because it treated Kentucky patients, employed Kentucky physicians, and purchased goods and services from Kentucky.  The Court is not convinced that these assertions are sufficient.  First, Floyd treated patients only in Indiana.  Floyd may have treated patients who personally resided in Kentucky, but Floyd did not treat those patients in Kentucky.  Because Floyd did not treat patients within the confines of the Commonwealth of Kentucky, it did not "transact business" in Kentucky for the purposes of Section 12 of the Clayton Act.  Daniel v. Am. Bd. of Emergency Med., 988 F. Supp. 127, 269–71 (W.D.N.Y. 1997) (finding venue did not lie in New York as to numerous non-resident hospitals were under the Clayton Act partly because they did not treat patients in New York).  Additionally, while Floyd employed some Kentucky residents to work in Indiana, this does not mean that Floyd transacted business in Kentucky.  Plaintiff has not alleged that these Kentucky physicians conducted Floyd's business in Kentucky by, for example, soliciting business, advertising, contracting, or representing Floyd in any manner inside of Kentucky.  See

Commonwealth Edison, 208 F. Supp. at 940 (discussing sales activities); Stern Fish Co., 254 F. Supp. at 153 (discussing advertising). The fact that some of Floyd's employees resided in Kentucky, without a showing that they transacted any business in Kentucky, is not enough to satisfy the standard for Section 12 of the Clayton Act. See Daniel, 988 F. Supp. at 223, 269–71 (listing as a factor against finding jurisdiction the non-resident hospitals lack of employees working in the forum state, and finding that the fact that out-of-state hospitals had several physicians, residents, and medical staff from New York did not establish that hospitals were "doing business" in New York). Therefore, the Court is unpersuaded by the Plaintiff's first two rationales.

Plaintiff also relies on the fact that Floyd transacted "business for goods and services originating in Kentucky and this Judicial District." (Compl. [DN 1] ¶ 10.) Plaintiff neither offers proof of this assertion nor any details regarding the nature of these sales transactions. Generally, "[t]he test to be applied is: Does the defendant transact business of a 'substantial' character in this District? The words 'transact business' are used in the practical, everyday business or commercial sense." United States v. Burlington Indus., Inc., 247 F. Supp. 185, 187 (S.D.N.Y. 1965) (citing Scophony, 333 U.S. at 807). With that, "the amount of the business transacted must be judged from the "standpoint of the average businessman" rather than from the perspective of a large corporation." Dunham's, Inc., 614 F. Supp. at 624 (citing In Re Chicken Antitrust Litigation, 407 F. Supp. 1285, 1291 (N.D. Ga. 1975)). These transactions need not be related to the cause of action asserted unless the transaction was isolated, in which case it should be related to the plaintiff's cause of action. 54 Am. Jur. 2d Monopolies and Restraints of Trade § 353; see Crusader Marine Corp., 281 F. Supp. at 804; Pac. Tobacco Corp., 338 F. Supp. at 844.

But, in deciding whether the contact is substantial, the relationship of the transactions to the cause of action is a factor to be weighed.

It is the Plaintiff's burden to prove venue is proper. Here, Plaintiff has made a vague allegation that Floyd transacted "business for goods and services originating in Kentucky and this Judicial District," but fails to allege or offer evidence as to the volume of the transactions, the consistency or frequency of the transactions, or the relation of the purchases and sales to the allegedly anti-competitive behavior. "[M]ore than a few isolated and peripheral contacts with the particular judicial district" are required under the Clayton Act. Stern Fish Co., 254 F. Supp. at 153 (finding company whose officers made infrequent visits to Pennsylvania to discuss an advertising campaign not enough); see also Commonwealth Edison, 208 F. Supp. at 940 (granting defendant's motion to dismiss, stating that six sales in Illinois, a fraction of the company's business was not enough). But see Crusader Marine Corp. v. Chrysler Corp., 281 F. Supp. 802, 804 (E.D. Mich. 1968) (holding continuous activities, which formed a substantial part of defendant's business enough for jurisdiction under the Clayton Act). Thus, the Court concludes that the Plaintiff has failed to show that Floyd transacted business of a 'substantial' character in Kentucky.

Alternatively, the Court agrees with Floyd's argument that the venue section of the Clayton Act is phrased in the present tense and that at the time of filing suit here, Floyd was not doing business in Kentucky or anywhere. The Court recognizes the split on this issue but again, it agrees with Floyd that those cases which hold the accrual date as the date for ascertaining venue did so to prevent a corporation from committing acts within a district and fleeing the jurisdiction to avoid suit. Such is not the case here as it is clear, whatever goods and services were procured from Kentucky, they bear no relation to the cause of action asserted. Another

reason for the adoption of the accrual rule for venue purposes is to allow Plaintiffs to establish venue in their home districts. Such reasoning has no applicability here since this district is not Plaintiff's home district.

In sum, Plaintiff has not made a sufficient showing that the transaction of business here was substantial enough to support a finding of venue under the Clayton Act. And, even if the business was sufficiently substantial, the unrelated transactions in this district ceased prior to the commencement of this action. For both of these reasons, the Court finds venue under the Clayton Act to be inappropriate in this district based on the foregoing facts.

Defendants argue that this action should be transferred to the Southern District of Indiana because venue does not properly lie here. The Court agrees. Under 28 U.S.C. § 1406(a) , "[t]he district court of a district in which is filed a case laying venue in the wrong division or district shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought." When a plaintiff in an antitrust action files the action in an improper venue, "Congress, by the enactment of [§] 1406(a), recognized that 'the interest of justice' may require that the complaint not be dismissed but rather that it be transferred." Goldlawr, Inc. v. Heiman, 369 U.S. 463, 466 (1962); see Phillip Gall & Son v. Garcia Corp., 340 F. Supp. 1255, 1260 (E.D. Ky. 1972). "The lodestar for the Court is whether justice dictates transfer of a pending action, as contrasted to its dismissal, provided of course, that such action may be transferred to another division or District only if it 'could have been brought' there in the first instance." Phillip Gall, 340 F. Supp. at 1260 (quoting Roberts Bros. v. Kurtz Bros., 231 F. Supp. 163, 165 (D.N.J. 1964)).

The Court is satisfied that Plaintiff's claims could have been brought in the Southern District of Indiana, where Floyd was "found" and where Baptist Healthcare now "transacts

business." 15 U.S.C. § 22. Venue is improper as to Floyd this district, but not as to Baptist Health. In order to avoid conducting this litigation in a piecemeal fashion and in order to address Plaintiff's claims as to both Defendants in one court in one action, the Court will transfer this action to the Southern District of Indiana.

### IV. CONCLUSION

For the reasons set forth above, **IT IS HEREBY ORDERED** that Defendant Floyd's Motion to Transfer [DN 13] and Defendant Baptist Healthcare's Motion to Transfer [DN 14] are **GRANTED**. The Clerk of the Court is **DIRECTED** to transfer the above-captioned action to the United States District Court for the Southern District of Indiana, New Albany Division.

**Joseph H. McKinley, Jr., Chief Judge**
**United States District Court**

cc: counsel of record

May 23, 2017